### DEAN *v* STATE BAR GRIEVANCE BOARD

1. ATTORNEY AND CLIENT—JUDGES—MISCONDUCT—ELECTIONS.
   Statements alleging misconduct of a judge during an election campaign in 1966 were privileged under a 1964 holding of the United States Supreme Court.

2. ATTORNEY AND CLIENT—JUDGES—STATE BAR GRIEVANCE ADMINISTRATOR—INVESTIGATION—APPEAL AND ERROR.
   Matter is remanded to the State Bar Grievance Administrator for proper investigation where the record reveals an inadequate investigation by the Grievance Administrator and his staff of charges contained in the request for investigation of a judge relating to changing judicial records and other alleged judicial misconduct; the report of a prosecuting attorney is no acceptable substitute for the administrator's investigation and report which is essential to meaningful review by the Michigan Supreme Court.

Appeal from State Bar Greivance Board. Submitted May 3, 1972. (No. 8 May Term 1972, Docket No. 53,693.) Decided June 20, 1972.

Appeal by Max Dean from an order of the State Bar Grievance Board dismissing a complaint against an attorney. Affirmed in part and remanded.

*Max Dean, in propria persona.*

*Louis Rosenzweig,* for defendant.

*Donald R. Freeman, in propria persona.*

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Attorneys at Law § 43; 46 Am Jur 2d, Judges §§ 19, 79.

T. G. KAVANAGH, J.   This case arises out of the
dismissal of a request by Max Dean for investiga-
tion of Donald R. Freeman by the State Bar
Grievance Board.

The request was made November 15, 1966, and
upon the filing of respondent's answer was assigned
on March 8, 1967, to the Grievance Committee of
the 7th Congressional District under the then-
existing rules of the Supreme Court for the State
Bar of Michigan.  The committee disqualified itself
*in toto* and the matter was removed to a Wayne
County Grievance Committee.

Thereafter Wayne County Grievance Committee
#1 held an informal hearing on the matter on June
18, 1969, and considered the matter in executive
session on August 18, 1969.

In accordance with the new rules for the State
Bar Grievance Board, since the matter had not
progressed to the point of having a formal com-
plaint drawn, it was turned over to the State Bar
Grievance Administrator who referred it to an ad
hoc committee, which reported to the State Bar
Grievance Board recommending that the "com-
plaint" be dismissed.

The board reviewed the matter and, accepting the
committee's recommendation, dismissed the cause.

We are satisfied that the statements alleging mis-
conduct during the election campaign in 1966 were
privileged under the holding in *New York Times Co
v Sullivan,* 376 US 254; 84 S Ct 710; 11 L Ed 2d
686; 95 ALR2d 1412 (1964) and accordingly affirm
that part of the grievance board's conclusion.

However, as to the other charges contained in the
request for investigation relating to changing judi-
cial records and other alleged judicial misconduct
we conclude that the record reveals an inadequate
investigation by the Grievance Administrator and

his staff. The report of the Prosecuting Attorney for Genesee County is no acceptable substitute for the administrator's investigation and report which is essential to our meaningful review as we pointed out in *Leitman* v *State Bar Grievance Board,* 387 Mich 596 (1972) released today.

For this reason we remand to the grievance administrator for proper investigation.

T. M. Kavanagh, C. J., and Black, Adams, T. E. Brennan, Swainson, and Williams, JJ., concurred with T. G. Kavanagh, J.